IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RADNOR HOLDINGS<br>CORPORATION, *et al.*,<br><br>Debtors.<br><br>———<br><br>RADNOR HOLDINGS<br>CORPORATION, *et al.*,<br><br>Appellants,<br><br>v.<br><br>THE OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS,<br><br>Appellee. | § Chapter 11<br>§<br>§ Case No. 06-10894-(PJW)<br>§ Jointly Administered<br>§<br>§<br>§<br>§<br>§ Civil Action No. 06-784 (***)<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO DEBTORS' MOTION FOR LEAVE OF REQUIREMENTS OF DISTRICT
COURT STANDING ORDER DATED JULY 23, 2004 REQUIRING DEBTORS'
MANDATORY PARTICIPATION IN MEDIATION PROCEEDINGS ON APPEAL**

The Official Committee of Unsecured Creditors of Radnor Holdings Corp., *et al.* (the "**Committee**"), the appellee in the above-captioned appeal before this Court, by and through its undersigned counsel, hereby responds to the Debtors' motion (the "**Motion**") for entry of an order granting the parties relief from the Order Regarding Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District, dated July 23, 2004 (the "**Mediation Order**"). In response to the Motion, the Committee states:

1. The Debtors[1] seek leave from the requirements of the Mediation Order on the grounds that (1) there is no dispute for a mediator to resolve because the only issues on appeal

---

[1] Unless otherwise indicated, capitalized terms in this response have the same meaning as in the Motion.

are the legal issues set forth in the parties' statements of issues on appeal, which the Debtors state must be determined by the Court and cannot be resolved through mediation; and (2) mediation would require the Debtors and their estates to incur additional expenses, when the Debtors' estates are bordering on administrative insolvency "due in large part to the fees and expenses of professionals retained by the Committee and/or in connection with the Adversary Proceeding."

2.  For the reasons set forth below, the Committee takes no position as to whether the requirements of the Mediation Order should be waived in this proceeding. Although the Committee believes that there could be some benefit to mediation, the Debtors' resistance to proceeding with mediation suggests that efforts to settle this appeal through mediation would be met with an absence of cooperation or participation on the part of the Debtors. In light of the Debtors' opposition, mediation appears unlikely to produce a constructive result.

3.  In addition, no provision has been made in the Debtors' estates, and no funds have been set aside or allocated, for a mediator or the Committee's expenses and professional fees in connection with mediation or any other appellate proceedings. The Debtors' assertion that the Committee's professional fees have somehow pushed the Debtors' estates to the brink of administrative insolvency is simply false. As the Debtors are well aware, no funds have been paid out of the Debtors' estates to the Committee's professionals. To the contrary, the Debtors and the Purchaser negotiated an Asset Purchase Agreement that purports to allocate in advance and in contravention of the Bankruptcy Code what specific amounts may be paid by the Purchaser (who is also one of the Debtors' secured lenders) to the parties' respective professionals. The Debtors and the Purchaser have agreed that the Purchaser will pay more than $6.5 million to the Debtors' professionals, while providing that the Committee's professionals would receive no more than $300,000. The Committee's professional fees and costs to date

exceed the amount allocated under the Asset Purchase Agreement. Although the Committee has appealed the Sale Order, as the situation currently stands, the Committee has been left with no resources to pay for mediation expenses or to pay its professionals in connection with mediation proceedings. The absence of any financial resources to pay for a mediator, or to pay professional fees for the Committee's financial and legal advisors, effectively chills the Committee's practical ability to participate in mediation until the issue of its professional fees is resolved in the Sale Order appeal.

WHEREFORE, the Committee respectfully requests that the Court enter an order granting such relief as the Court determines to be appropriate, just, and proper.

Dated: February 22, 2007

GREENBERG TRAURIG, LLP

*/s/ Victoria W. Counihan*

Donald J. Detweiler (No. 3087)
Victoria Counihan (No. 3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
(302) 661-7000
Facsimile: (302) 661-7360

-and-

Nancy A. Mitchell
Nancy A. Peterman
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 2400
Chicago, Illinois 60601
(312) 456-8400
Facsimile (312) 456-8435

Counsel for the Official Committee of Unsecured Creditors of Radnor Holdings Corporation, et al.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **RADNOR HOLDINGS CORPORATION**, *et al.*, | § § | **Case No. 06-10894-(PJW) Jointly Administered** |
| Debtors. | § § § | |
| **RADNOR HOLDINGS CORPORATION**, *et al.*, | § § § | **Civil Action No. 06-784 (***)** |
| Appellants, | § § § | |
| v. | § § | |
| **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,** | § § § | |
| Appellee. | § § | |

## CERTIFICATE OF SERVICE

I, Victoria W. Counihan, being duly sworn according to law, deposes and says that she is employed by Greenberg Traurig, LLP, which is counsel for The Official Committee of Unsecured Creditors, for the above-captioned action, and that on the 22nd day of February 2007, she caused copies of the *RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR LEAVE OF REQUIREMENTS OF DISTRICT COURT STANDING ORDER DATED JULY 23, 2004 REQUIRING DEBTORS' MANDATORY PARTICIPATION IN MEDIATION PROCEEDINGS ON APPEAL* to be served upon the parties listed below in the manner indicated.

DEL-FS1\163364v01

VIA HAND DELIVERY:

Gregg M. Galardi, Esq.
Mark L. Desgrosseilliers, Esq.
Sarah E. Pierce, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801
(Counsel to Debtors)

William Harrington, Esq.
Office of the U.S. Trustee
844 King Street
Room 2207, Lockbox 35
Wilmington, DE 19801

Mark D. Collins, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(Counsel to Tennenbaum Capital Partners, LLC)

VIA FIRST CLASS, U.S. MAIL:

Timothy R. Pohl, Esq.
Patrick J. Nash, Esq.
Rena M. Samole, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
333 West Wacker Drive
Chicago, IL 60606
(Counsel to Debtors)

Kenneth Ostrow, Esq.
Gregory A. Bray, Esq.
Fred Neufeld, Esq.
Milbank, Tweed, Hadley & McCloy LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017-5735
(Counsel to Tennenbaum Capital Partners, LLC)

Dated: February 22, 2007

_____
Victoria W. Counihan (No. 3488)
Greenberg Traurig, LLP
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
(302) 661-7000

DEL-FS1\163364v01